WEBSTER, J.,
concurring in result.
I am unable to agree with all of the analysis in the majority’s opinion. I do, however, agree that (1) the interpretation of sections 440.49(9)(b)3 and 440.51(l)(b) urged by appellees and accepted by the trial court would produce an absurd result that could not have been intended by the legislature; (2) documents authored by employees of the agency in 1997 and 1998, upon which appellees and the trial court place significance, could not estop appellants from taking the position they have in this litigation and, therefore, have no bearing on the outcome; and (3) sections 440.49(9)(b)3 and 440.51(l)(b) do not permit ceded reinsurance premiums (or any other premium expense attributable to the purchase of reinsurance) to be treated as advocated by appellees and held by the trial court. Accordingly, I agree that the portions of the final judgments holding that appellees are entitled to refunds must be reversed to the extent those refunds are attributable to deductions for ceded reinsurance premiums. I also agree that the trial court did not abuse its discretion in denying appellants’ motions to withdraw admissions and to amend their answers. Accordingly, based on those admissions and answers, I agree, further, that the portions of the final judgments holding that appellees are entitled to refunds must be affirmed to the extent those refunds are attributable to deductions for brokerage fees and commissions. Because the result reached by the majority is consistent with that I would reach, I concur in that result.